UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-151-Y |
| | § | |
| JOSE RODOLFO VILLARREAL HERNANDEZ (06) | § | |

PRETRIAL AND SCHEDULING ORDER FOR CRIMINAL TRIAL

All future pleadings filed in this cause shall contain the defendant number, as reflected above, in the style of the cause. Persistent failure to include the defendant number on future pleadings may result in the striking of the deficient pleading.

1. This case is set for jury trial on **April 21, 2025, at 1:30 p.m.**

2. A pretrial conference will be conducted in the courtroom on the fifth floor of the U.S. Courthouse, Fort Worth, Texas, on **Thursday, April 17, 2025, at 3:00 p.m. The defendant**, as well as his respective counsel, **must be present** at the conference. Each counsel must be prepared to inform the Court of any unresolved motions or issues and the status of any plea negotiations.

3. All discovery in this cause requested pursuant to and required by Federal Rule of Criminal Procedure 16 must be completed within a reasonable time prior to trial. Absent a compelling excuse, any evidence for which production or disclosure was timely requested pursuant to and required by Rule 16 but not disclosed within a reasonable time prior to trial will not be admitted at trial.

4. Except as provided in this paragraph, all pretrial motions, including motions in limine, must be filed no later than **March 24, 2025**. Defendant shall not file any motion for, or to compel, discovery, disclosure, or production unless (i) Defendant has first made written request of the government for the desired discovery, disclosure, or production, which written request must specify a time and date prior to the motions deadline when discovery, disclosure, or production of the items is desired in the Fort Worth office of the U.S. attorney, and (ii) the government has failed to comply with the request. The government must respond in writing to any request made in accordance with this paragraph within **seven (7)** days of receiving the request. The government shall indicate either that the discovery will be allowed or the disclosure or production will be made as requested or that the request or portions thereof are objectionable, in which case the government must briefly state the legal basis for the government's objections. Lack of actual possession of an item by the government will not be accepted as a reason for non-production if the government can obtain possession of the item or, if copyable, a copy of the item upon the government's request. If the government does not comply with such request, defendant will be permitted to file a motion to compel or for discovery or disclosure. Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

5. The government shall file a response to every pretrial motion filed by the defendant that is not ruled on before the government's response to the motion is due. The government's response must indicate whether it is opposed to the motion and, if the motion is opposed, must include argument and authority in support of the government's opposition. If the government is prompted to file a pretrial motion by reason of a pretrial motion filed by the defendant, the government must file its motion within **fourteen (14)** days after Defendant's motion is filed.

6. Responses to any pretrial motion must be filed within **fourteen (14)** days after the motion is filed. See N.D.Tex.Crim.R. 47.1(e).

7. **Before a party files a motion for continuance, he shall confer with counsel for all other parties concerning what dates each cannot be available for trial over the ensuing ninety-day period. The party's motion for continuance shall then set out those dates. Responses in opposition to a motion for continuance must be filed no later than two days after the motion is filed.**

8. All briefs filed with the Court shall comply with the most recent edition of The Bluebook: A Uniform System of Citation. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases, i.e., provide the page where the stated legal proposition can be found. See The Bluebook: A Uniform System of Citation B10.1.2, at 13; B17.1.2, at 25; R. 3.2(a), at 73 (Columbia Law Review Ass'n. et

al. eds., 21st ed. 2020) (regarding pinpoint citations and subsections, respectively). Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

9. Pursuant to Local Criminal Rule 47.1, certificates of conference must address all parties, including co-defendants, affected by the requested relief.

10. The government must file a written designation of its expert witnesses, if any, no later than **March 14, 2025,** that contains the information required by Federal Rule of Criminal Procedure 16(a)(1)(G)(iii). Each defendant must file a written designation of his expert witnesses, if any, no later than **March 19, 2025,** that contains the information required by Rule 16(b)(1)(C)(iii). Any motions challenging these designations, including challenges under Fed. R. Evid. 702, must be filed by the deadline for filing pretrial motions established in this order.[1]

11. Northern District of Texas Local Criminal Rule 16.1(a) notwithstanding, a set of copies of all copyable exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be bound in three-ring binders and exchanged with all other parties no later than **the Thursday prior to trial;** and a like set delivered to the courtroom at the time of jury selection.

---

[1] If a party expects to elicit testimony from a witness regarding street values of drugs, drug-distribution practices of individuals or groups, the meaning of words and phrases used by persons in the distribution of drugs, the meaning of drugs notes, gang activities and practices, and the like, that witness must be designated as an expert.

12. Each exhibit must be labeled prior to trial by a gummed label containing the identity of the offering party, the exhibit number, and the cause number.

13. Northern District of Texas Local Criminal Rule 16.1(b) notwithstanding, the parties must file with the clerk and deliver to all other parties and the court reporter, separate lists of exhibits and witnesses, except those offered solely for impeachment, no later than **the Tuesday prior to trial**.[2] The witness lists to be filed by the parties must list all witnesses, including timely designated expert witnesses, the party may call at trial and contain a brief statement of the subject matter to be covered by each witness. Each party's exhibit list shall be in the same format as the Court's sample exhibit list, which is attached as Exhibit A to this order. The list must include a blank but lined page at the end of the list so that extra or unexpected exhibits can be entered.

14. The trial will be held in courtroom 501 on the fifth floor of the courthouse. Whoever will be handling evidentiary documents for a party must contact Brian Rebecek, Fort Worth division manager, at 817-850-6613 prior to any hearing or trial to schedule courtroom testing of any electronic equipment that counsel intends to bring to use during the trial (e.g. laptops, document cameras, etc.). Counsel

---

[2] No additions or substitutions to these lists may be made after the deadline without leave of Court. Additionally, if a party desires to make additions or substitutions to these lists after they are filed with the clerk, the party should file an amended list that entirely supersedes the original list, rather than simply filing a supplemental list naming only the additions and/or substitutions.

must also notify Judge Means' judicial assistant, Michelle Moon (817-850-6670), prior to trial to make arrangements for the passage of the equipment into the building by court security. Transcription and recording devices, except those employed by the Court's official reporter, are not permitted.

15.  Counsel for the government shall **deliver** to the Court and to defense counsel each evening (if not earlier) a list of witnesses he in good faith anticipates calling the next trial day.  All Jencks Act material pertaining to each witness on the list should be delivered at the same time if it has not already been delivered pursuant to prior urgings of the Court.  The Court strongly encourages the early production to defense counsel of any notes made by government agents regarding interviews with witnesses that the government expects to call to testify at trial.  Also, at the close of each day's testimony, the government shall proffer in writing, in as close to verbatim form as possible, any statements that it expects to introduce on the next trial day pursuant to the following:

   a.  Federal Rule of Evidence 801(d)(2)(A), to the extent that they involve potential *Bruton* problems; and

   b.  Federal Rule of Evidence 801(d)(2)(E).

The Court will hear objections thereto by defendant(s) either at that time or prior to the commencement of testimony the following day.

16.  The government shall file a proposed jury charge and verdict form with the clerk of the Court and serve a copy of it on opposing counsel no later than 4:00 p.m. on the Tuesday prior to the trial of

this cause. The proposed charge must have attached to it the following certification:

> I, (name of ass't. U.S. atty.), certify that I have carefully read the foregoing proposed charge of the Court and that it is, to the best of my knowledge and ability, free of error both in form and substance.
>
> _____    _____
> Date                                          Signature of attorney

Any objections, proposed additions, or proposed substitutions to the government's proposed jury charge and verdict form must be filed with the clerk of the Court and served on opposing counsel no later than **2:00 p.m. on the first day of trial** and simultaneously emailed in Word or WordPerfect format to: Means_Orders@txnd.uscourts.gov. If supplemental instructions become necessary due to the nature of the evidence produced at trial, they must be filed and served as soon as reasonably possible after the necessity of the supplemental instructions becomes apparent. If objections, proposed additions, or proposed substitutions to the government's charge are filed and served in a timely manner, counsel for all parties shall meet prior to or immediately after the close of the government's case in an attempt to resolve their differences regarding the jury charge. During this meeting, the parties shall compile a conformed jury charge that incorporates all agreements reached by the parties. For any portion of the conformed charge about which disagreement remains at the conclusion of the meeting, those portions that are requested by the government and objected to by the defense shall be underlined, and

those portions that are requested by the defense and objected to by the government shall be in boldface. The parties' conformed charge shall be filed with the clerk of the Court as soon as possible after the conclusion of the parties' meeting. The government shall email the parties' conformed charge in WordPerfect or Word format to: Means_Orders@txnd.uscourts.gov.

17. After the parties have closed, they shall meet for the purpose of preparing an agreed index of all exhibits admitted into evidence during the course of the trial. As to each admitted exhibit, the index must contain the exhibit number, the name of the offering party, the name of the sponsoring witness, and a description of the exhibit. The exhibit index must be delivered to the courtroom deputy for delivery to the jury at the commencement of deliberations.

18. At the time the government calls a witness to testify at trial, counsel for the government shall state the count(s) of the indictment to which that particular witness's testimony will relate.

19. Except in the case of a testifying defendant or government case agent, the counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

20. The parties shall provide to each witness no later than ten minutes prior to the commencement of the witness's testimony, a copy

of Exhibit C to this order, which is entitled, "Instructions for Witnesses."

21.  The parties are hereby put on notice that Judge Means will take the bench promptly at the appointed time for each session without waiting until the clerk or courtroom security officer has called the roll or otherwise ascertained the presence of all necessary parties. If tardiness becomes a problem, appropriate fines will be imposed.

22.  Bench conferences must be kept to a minimum.  Counsel must state the legal bases for their objections without elaboration or argument, unless invited.

23.  Objections to exhibits and testimony may occasionally be met with the following procedure:  admission of the exhibit or the testimony with the understanding that the objection will be treated as a motion to strike, with a ruling on the motion expressly reserved to the end of the day's testimony when the matter may be fully discussed out of the hearing of the jury.  An exhibit so treated will not be published to the jury until the motion to strike has been ruled on.

24.  **Except for good cause shown, examination of witnesses will be limited to direct, cross, and redirect.**  Rule 611(b) of the Federal Rules of Evidence will be strictly enforced.

25.  The Court will discourage repetitive examination of a witness, whether on cross or direct, and will strongly admonish or sanction any counsel who wastes the time of his colleagues, the Court, and the jury by failing to have witnesses present and prepared to testify; by hunting for or causing a witness to hunt for exhibits; by

failing to have audio or video equipment tested, cued-up, and ready-to-go; by failing to be timely in attendance; by attempting to argue the case or make a speech to the jury during an objection; or in any other manner.

26. The parties shall carefully observe the rules of courtroom decorum that are attached as Exhibit B to this order. These rules are in addition to the Federal Rules of Criminal Procedure and the Local Rules of the Northern District of Texas.

27. **No later than one week prior to trial**, the parties shall provide to the reporter a copy of the party's witness list and a glossary of all terms likely to be uttered on the record during the trial that are technical, scientific, medical, or otherwise uncommon.

28. Entry into the spectator gallery of the courtroom will be permitted only before the call to order and during recesses. Anyone who leaves the gallery while Court is in session may not return until the Court declares a recess.

29. Voir dire in this case will be conducted initially by the Court, with each party being allotted ten (10) minutes for supplementary voir dire.

30. Jurors will be permitted to take notes during trial. The Court will issue preliminary instructions to the jurors containing appropriate warnings and instructions.

SIGNED March 3, 2025.

                                                         */s/ Terry R. Means*
                                                         TERRY R. MEANS
                                                         UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL NO. 4:00-CR-000-Y |
| | § | |
| JOHN DOE | § | |

DEFENDANT JOHN DOE'S EXHIBIT LIST

| EXHIBIT NUMBER | SPONSORING WITNESS | DESCRIPTION OF EXHIBIT | IDENTIFIED | OFFERED | ADMITTED |
| --- | --- | --- | --- | --- | --- |
| 1 | Jane Doe | Bill of Sale dtd 1/5/92 | | | |
| 2 | Sally Doe | Contract dtd 1/9/92 | | | |

**EXHIBIT "A"**

COURTROOM DECORUM
UNITED STATES DISTRICT COURT
Northern District of Texas
Honorable Terry R. Means, Presiding

(a) The requirements stated herein are not all-inclusive, but are intended to emphasize and supplement the ethical obligations of counsel under the Code of Professional Responsibility, the Local Rules of the Northern District of Texas (LR 83.16-83.18, LCrR 53.1-53.3), and the time-honored customs of experienced trial counsel.

(b) When appearing in this Court, all counsel (including, where applicable, all persons at counsel table) shall abide by the following, unless excused by the presiding judge:

(1) Stand as Court is opened, recessed, or adjourned.

(2) Stand when the jury enters or retires from the courtroom.

(3) Stand when addressing, or being addressed by, the Court.

(4) Stand at the lectern while examining any witness, except that counsel may approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

(5) Stand at the lectern while making opening statements or closing arguments.

(6) Address all remarks to the Court, not to opposing counsel.

(7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill-feeling between the litigants or witnesses.

(8) Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

(9) Only one attorney for each party may examine or cross examine each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross examination.

(10) Any counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

(11) Request permission before approaching the bench.

(12) Any paper or exhibit not previously marked for identification must be marked before it is tendered to a witness for examination, and any exhibit offered in evidence must be handed to opposing counsel when offered.

(13) In making objections counsel must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court.

(14) When examining a witness, counsel may not repeat the answer given by the witness.

(15) Offers of, or requests for, a stipulation must be made privately, not within the hearing of the jury.

(16) In opening statements and in arguments to the jury, counsel may not express personal knowledge or opinion concerning any matter in issue (i.e., don't say "I think" or "I believe," etc.) and, may not read or purport to read from deposition or trial transcripts.

(17) Counsel must admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(18) No one, including especially attorneys, parties, and witnesses, may bring food or drink (except bottled water) into the courtroom, nor may they chew gum.

EXHIBIT "B"                                    [Revised 7-10-12]

INSTRUCTIONS FOR WITNESSES

1. Speak slowly and distinctly. Don't mumble. Enunciate clearly each word you speak. The courtroom is large, so it's hard to be heard at times.

2. The courtroom has a sound system, but if you get too close or too far away from the microphone, we may not be able to hear you. Listen to how you sound and adjust your distance from the microphone and the volume of your voice as needed to be clearly heard by everyone in the courtroom.

3. Don't let nervousness cause you to speak rapidly or fail to sound each syllable of your words. For example, if you were to say the word "syllable," say "SILL-uh-bull" not "SILL-bull." Or if the word is "officer," say "AW-fiss-ur," not "AWF-sur." Again, if the word is "composition," say all four syllables ("com-po-ZIH-shun"). Don't turn the word into a three-syllable word ("comp-ZIH-shun").

4. Let the attorney who is questioning you finish his question before you begin your answer.

5. Pause a second between the end of the attorney's questions and the beginning of your answers. This gives everyone a chance to think a little about what is being said.

6. If you hear an objection to a question, do not give an answer until the judge rules on the objection. If you are unsure of whether to begin your answer or if by then you don't remember the question, ask the judge to tell you what to do. He will gladly help you.

**EXHIBIT "C"**