IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:14-CR-151-Y

JOSE RODOLFO VILLARREAL-
HERNANDEZ (06)

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION

On February 27, 2025, the defendant was *transferred* (not extradited) from Mexico to the United States, and subsequently housed at the Federal Medical Center (FMC) Fort Worth.   Coincidentally, his brother and co-defendant (Ramon Villarreal-Hernandez) was also incarcerated at FMC Fort Worth.   The defendant was immediately placed in solitary confinement with no privileges to make telephone calls.   On March 20, 2025, officers found a cellphone in Ramon Villarreal-Hernandez's cell, and he claimed ownership of the device.   This is a violation of 18 U.S.C. § 1791.   A subsequent search of the device revealed numerous coded WhatsApp text messages and WhatsApp phone calls with Mexican-based numbers.   Most of these messages/calls were made after the defendant arrived at FMC.   After officers found the phone, Ramon Villarreal-Hernandez was moved to a different prison.   The logical inference, of course, is Ramon Villarreal-Hernandez was working in concert with and/or on his brother's behalf in a criminal capacity as he has done all his life.

**Government's Response to Defendant's Motion - Page 1**

As for the law, the Constitution requires that prison officials provide prisoners with only reasonably adequate food, shelter and sanitation. *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Courts have repeatedly held the Constitution does not mandate prisons with comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). And courts do not generally interfere with the internal management of prisons unless a prisoner's right to communicate *with the Court* has been infringed. *Hooks v. Kelley*, 463 F.2d 1210, 1211 (5th Cir. 1972). Here, no such allegation has been made. And given the facts outlined above, the government urges the Court to not intervene in the defendant's case. Accordingly, the Court should deny the defendant's motion.

Respectfully Submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY


*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney
Texas Bar No.   24033206
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: Shawn.Smith2@usdoj.gov

**Government's Response to Defendant's Motion - Page 2**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the foregoing Government's Response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney

**Government's Response to Defendant's Motion - Page  3**